**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES DEPARTMENT OF IN-
TERIOR, UNITED STATES PARK POLICE,

*Petitioner*,

v.

SHAYLYN LEWIS,

*Respondent*.

---

Misc. Action No. 25-143 (TJK)

**MEMORANDUM**

Shaylyn Lewis was "involved in a motor vehicle collision" back in August 2022.  ECF No. 8-1 at 20.  Lewis sued the occupants of the other vehicle in the Superior Court of the District of Columbia.  *See Lewis v. Salauddin*, No. 2024-CAB-000612 (D.C. Super. Ct. Jan. 30, 2024).  To aid her underlying personal injury lawsuit, Lewis sought bodycam footage, audio recordings, and written reports potentially related to her accident from the United States Park Police, a federal agency that is not a party to the lawsuit but whose officers responded to the accident.  *See* ECF No. 8 at 1.  At her request, the Superior Court issued a subpoena on the Park Police, compelling the agency to produce the requested records.  *See* ECF No. 1.  The Park Police removed the subpoena to this Court under 28 U.S.C. § 1442(a)(1) and now asks this Court to quash it.  *Id.*  The removal of the subpoena was proper, and this Court has jurisdiction to consider the Park Police's motion.  *See In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008).  Because the Park Police is shielded by sovereign immunity from subpoenas issued in Superior Court, the Court will grant the Park Police's motion to quash.

The Superior Court for the District of Columbia is considered a "State Court" when issuing subpoenas.  28 U.S.C § 1451; *see In re Subpoena In Collins*, 524 F.3d at 251.  And the D.C. Circuit

has long held that a "state subpoena commanding a federal agency to produce its records . . . violates federal sovereign immunity." *In re Subpoena In Collins*, 524 F.3d at 251 (citing *Houston Bus. J., Inc. v. Office of Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996)). Subpoenas issued in Superior Court against federal agencies should therefore be quashed, as the Superior Court has no jurisdiction to enforce them. *Id.*; *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

In opposition, Lewis contends that the D.C. Circuit has stated that "federal agencies cannot . . . claim sovereign immunity to avoid compliance with third party subpoenas." ECF No. 8 at 3 (quoting *Linder v. Calero-Portocarrero*, 251 F.3d 178, 180 (D.C. Cir. 2001)). But Lewis takes that language out of context. *Linder* held only that "sovereign immunity does not insulate the federal government from complying with a [Federal Rule of Civil Procedure] Rule 45 subpoena," which is a subpoena issued in "*federal* court." *Linder*, 251 F.3d at 181 (emphasis added). And how a subpoena is treated "varies depending on whether the underlying litigation is in federal or in state court." *Houston Bus. J., Inc.*, 86 F.3d at 1211. "In federal court, the federal government has waived its sovereign immunity," and so "[a] federal-court litigant . . . can seek to obtain the production of documents from a federal agency by means of a federal subpoena." *Id.* at 1212 (citing 5 U.S.C. § 702). But none of this is so when the subpoena arises out of litigation in state court, which is why an agency facing a state-court subpoena may "remove the subpoena to district court and assert sovereign immunity as a defense." *In re Subpoena In Collins*, 524 F.3d at 251. As explained, the subpoena here was issued not in federal court, but in Superior Court, which is a state court for these purposes.

For all these reasons, the Court will grant the Motion to Quash, ECF No. 7. A separate

2

order will issue.[1]

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 26, 2026

---

[1] In her opposition to the Park Police's motion to quash, Lewis mentions in passing that her "Motion for Civil Contempt should be granted because the Department of Interior failed to comply with a court order."  ECF No. 8 at 5.  But there is no such motion pending before this Court.  In fact, Lewis filed her "Motion for Civil Contempt" "[o]n September 5, 2025" in Superior Court.  *Id.*  And that court denied the motion as moot after the Park Police removed the subpoena here.  *See* ECF No. 5-1 (Superior Court order).